**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Carl LIPPERT, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 1, 2005.
Filed Dec. 1, 2005.

———

Sidney Sokolsky, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Francesco L. Nepa, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before: BOWES, McCAFFERY and POPOVICH, JJ.

BOWES, J.

¶ 1 Carl Lippert challenges the sufficiency of the evidence supporting his conviction of driving under the influence of alcohol with a blood alcohol content of .10% or more. We vacate the judgment of sentence and discharge Appellant.

¶ 2 We first examine the evidence presented at Appellant's jury trial. Monroeville Police Officer Safar[1] testified that from midnight to 4:00 a.m. on November 11, 2001, the Plum Borough Police Department and Monroeville Police Department were conducting a joint DUI checkpoint on Logans Ferry Road in Plum. When Appellant arrived at the checkpoint at approximately 12:30 a.m., Officer Safar explained to him that a DUI check was being performed on all drivers, and he asked for Appellant's license, registration and insurance information. As soon as Officer Safar approached Appellant's window, he noticed an odor of alcohol. Since Appellant also fumbled for his documentation and exhibited slurred speech, Officer Safar concluded that field sobriety testing should be conducted and directed Appel-

lant to drive to a nearby parking lot. Plum Borough Police Officer Andrew McNelis assumed Appellant's processing and administered four field sobriety tests. After failing the tests, Appellant was placed under arrest and taken to a recreational vehicle that police were utilizing to administer an intoxilyzer test.

¶ 3 Plum Borough Police Officer Eric Schlarp, who completed Appellant's processing, testified that he tested Appellant's BAC with an Intoxilyzer 5000. Officer Schlarp explained that the subject blows into the instrument and his BAC is printed out by the machine. After being administered warnings, Appellant submitted to testing. The intoxilyzer's print-out was read into evidence, and it indicated "that the first test was 1:28 a.m., the second test was 1:29 a.m., the subject was [Appellant], and [Officer Schlarp] was the operator of the instrument." N.T. Jury Trial, 1/22–23/04, at 111. The result of the first test was a BAC of .105%, and the second test gave a BAC reading of .115%. Appellant admitted to drinking two beers at a friend's home prior to driving.

¶ 4 At trial, Appellant testified consistently with his admission to police on November 11, 2001, stating that he consumed two beers at a friend's home, one at 11:30 p.m. on November 10, 2001, and another one at midnight. Appellant then presented the testimony of Dr. Kalipatnaru N. Rao, a professor of pathology and chief of the toxicology laboratory at University of Pittsburgh Medical Center, who was qualified as an expert witness in the dissipation of alcohol in the blood. Dr. Rao was familiar with the Intoxilyzer 5000 and testified that it had a margin of error of ten per-

---

1. Officer Safar did not offer his first name when called to testify, and we were not able to locate that information in the record.

cent. He also testified that based upon Appellant's testimony regarding his alcohol consumption on the night in question and the results of Appellant's two intoxilyzer tests, Appellant's BAC was rising as of 1:29 a.m. and that his actual BAC when driving at 12:30 a.m. was .045% or one-half of the legal limit.

¶ 5 In rebuttal, the Commonwealth presented Jennifer Janssen, who was assistant chief toxicologist at the Allegheny County Coroner's Office, Forensic Science Division. She was qualified as an expert witness in the Intoxilyzer 5000 and in the absorption and dissipation of alcohol in the blood. She countered Dr. Rao's testimony by stating that the Intoxilyzer 5000 has a margin of error of only five percent. She also testified that Appellant's actual BAC could have been either .10% or .11% at 1:28 a.m. based upon the test reading of .105%. *Id.* at 223. Critically, she specifically admitted that it was not possible to ascertain whether Appellant's BAC was rising or falling based upon the evidence, stating, "Basically, I don't know whether he was absorbing or not." *Id.* at 227. She explained that in order to determine whether Appellant was absorbing or dissipating alcohol into his blood stream, testing had to be conducted twenty to thirty minutes apart.

¶ 6 Based on this evidence, Appellant was acquitted of DUI to such a degree as to render him incapable of safe driving but was convicted of DUI with a BAC of .10% of more in violation of former 75 Pa.C.S. § 3731(a)(4).[2] On May 27, 2004, he was sentenced to sixty days intermediate punishment with electronic monitoring to commence on August 3, 2004, as well as a two-year probationary term effective from sentencing. This appeal followed.

■■■ ¶ 7 Appellant questions the sufficiency of the evidence supporting his conviction. When we review a sufficiency claim, "We must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offense beyond a reasonable doubt." *Commonwealth v. Butler,* 856 A.2d 131, 135 (Pa.Super.2004) (quoting *Commonwealth v. Clark,* 761 A.2d 190, 192 (Pa.Super.2000)). "[W]e may not weigh the evidence and substitute our judgment for the fact-finder." *Id.* (quoting *Commonwealth v. Cassidy,* 447 Pa.Super. 192, 668 A.2d 1143, 1144 (1995)). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Id.* (quoting *Commonwealth v. Cunningham,* 805 A.2d 566, 571 (Pa.Super.2002)).

¶ 8 Appellant was convicted under former 75 Pa.C.S. § 3731(a)(4), which stated, "A person shall not drive, operate or be in actual physical control of the movement of any vehicle while the amount of alcohol by weight in the blood of an adult is 0.10% or greater." Former 75 Pa.C.S. § 3731(a.1) is pertinent herein and provided,

(1) It is *prima facie* evidence that:

(i) an adult had .10% or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is

---

2. Section 3731 was repealed by the legislature on September 30, 2003. P.L. 120, No. 24, § 14, effective Feb. 1, 2004. Since Appellant's offense was committed in 2001, he was charged under the former 75 Pa.C.S. § 3731, and we apply the law under the former statute in determining Appellant's sufficiency argument. *Commonwealth v. Butler,* 856 A.2d 131, 135 n. 6 (Pa.Super.2004).

equal to or greater than .10% at the time a chemical test is performed on a sample of the person's breath, blood or urine;

. . . .

(2) For the purposes of this section, the chemical test of the sample of a person's breath, blood or urine shall be from a sample obtained within three hours after the person drove, operated or was in actual physical control of the vehicle.

██ ¶ 9 As we noted in *Butler,* after 75 Pa.C.S. § 3731(a)(5) was declared unconstitutional by our Supreme Court in *Commonwealth v. Barud,* 545 Pa. 297, 681 A.2d 162 (1996), the legislature amended section 3731 by inserting subsection (a.1). Section 3731(a.1) modifies section 3731(a)(4) by providing that the BAC at the time of testing is *prima facie* evidence of BAC when driving as long as testing is obtained within three hours after the person drove. *Commonwealth v. Murray,* 749 A.2d 513 (Pa.Super.2000) (*en banc* ). Under subsection (a.1), the Commonwealth does not have to present expert testimony relating back the BAC to the time of driving if a defendant's BAC is .10% or more and the test is performed within three hours of driving. *Id.; Commonwealth v. Snell,* 811 A.2d 581 (Pa.Super.2002). That subsection creates a **permissive inference** about a defendant's BAC when driving, but the defendant remains free to rebut that inference by presenting evidence that his BAC was not .10% or more when driving. *Commonwealth v. MacPherson,* 561 Pa. 571, 587, 752 A.2d 384, 392 (2000) (section 3731(a.1) creates "a permissible inference" but "does not shift the burden of proof or the burden of production from the Commonwealth to the defendant").

¶ 10 In this case, the BAC testing was performed within one hour of driving and established Appellant's BAC at .105% and .115%, respectively. *Id.* at 52. The lower

of the two readings is utilized for determining Appellant's BAC. *Butler, supra.* Thus, using .105% as Appellant's BAC, it is clear that a *prima facie* case was established by the evidence.

¶ 11 Appellant then presented evidence rebutting this *prima facie* case with the testimony of an expert witness, who opined that Appellant's BAC had been rising between 12:30 a.m. and 1:30 a.m. and that the Intoxilyzer 5000 had a margin of error of ten percent. The expert witness firmly placed Appellant's BAC below the legal limit when he was driving.

¶ 12 To counter this evidence, the Commonwealth presented an expert witness who made two damaging concessions. First, Ms. Janssen admitted that the Intoxilyzer 5000 has a margin of error of five percent. Given this margin of error, Appellant's BAC could have been either .10% or .110% when he was tested. Ms. Janssen agreed with that fact. Next, Ms. Janssen admitted that it was impossible to tell whether Appellant's BAC was rising or falling between 12:30 a.m. and 1:30 a.m. Given that Appellant's BAC could have been exactly .10%, with the margin of error assigned to the testing instrument by the Commonwealth's own witness, and given that the Commonwealth's evidence does not permit any inference that Appellant's BAC was falling when testing occurred, we are constrained to concur with Appellant's position that the evidence was not sufficient to prove beyond a reasonable doubt that his BAC was .10% or over when he was driving.

¶ 13 We reject the Commonwealth's valiant effort to bring this case within the parameters of other decisions in this area. The Commonwealth relies upon *MacPherson, supra,* which did not discuss the sufficiency of the evidence supporting a DUI conviction but instead, reversed a trial

court's decision that subsection (a.1) was unconstitutional.

¶ 14 The Commonwealth also suggests that this conviction can be sustained under *Butler, supra, Snell, supra,* and *Murray, supra.* We disagree. In each of those cases, this Court dealt with a situation where the defendant's conviction rested on the presentation of a *prima facie* case under subsection (a.1). The defendants in those cases had presented no evidence countering the *prima facie* case created, and each of the defendants' BAC tested above .10% within three hours of driving. There was no evidence that the test instruments used in those cases had a margin of error, and there was no concession by a Commonwealth expert witness that the defendant's BAC could have been rising between the time of driving and when the testing occurred.

¶ 15 *Commonwealth v. Greth,* 758 A.2d 692 (Pa.Super.2000), provides the strongest support for the Commonwealth's position. In that case, a BAC test performed one hour after driving gave the defendant a BAC of .135%. That test had a margin of error of 10%, which placed the defendant's BAC at a minimum at .134%. Therefore, the defendant's BAC still was thirty percent above the legal limit. We held that the Commonwealth did not have to present expert testimony to rebut the extrapolation testimony of a defense expert witness. Nevertheless, in that case, after the margin of error was factored into the test, the defendant's BAC remained substantially higher than the legal limit, and the testing was performed within one hour of driving.

¶ 16 Given the .105% reading in this case and the five percent margin of error, Appellant's BAC was exactly .10% one hour after driving. Ms. Janssen admitted that Appellant's BAC could have been less than .10% when he was driving when she conceded that she was unable to opine that it

was rising between 12:30 a.m. and 1:30 a.m. Since Appellant's BAC was exactly .10% one hour after driving and since the Commonwealth conceded that it could have been rising, the inference of guilt herein was too weak to establish proof beyond a reasonable doubt. *See Commonwealth v. Jarman,* 529 Pa. 92, 601 A.2d 1229 (1992); *Commonwealth v. Modaffare,* 529 Pa. 101, 601 A.2d 1233 (1992).

¶ 17 It is important to note that subsection (a.1) creates only a permissible inference to the benefit of the Commonwealth. *MacPherson, supra.* The burden remained on the Commonwealth to prove beyond a reasonable doubt that Appellant's BAC was .10% or more when he was driving. *Id.* The Commonwealth's evidence was deficient.

¶ 18 Judgment of sentence vacated. Defendant is discharged. Jurisdiction relinquished.