J-S10016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON LAWHORN | |
| Appellant | No. 902 EDA 2014 |

Appeal from the Judgment of Sentence March 5, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006163-2013

BEFORE:  GANTMAN, P.J., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 13, 2015**

Appellant, Aaron Lawhorn, appeals from the trial court's March 5, 2014 judgment of sentence imposing four days to six months of incarceration for driving under the influence of alcohol ("DUI") in violation of 75 Pa.C.S.A. § 3802(b).[1]  Appellant argues the Commonwealth failed to produce sufficient evidence to prove his blood alcohol content was at least .10%.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  That section provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated

*(Footnote Continued Next Page)*

In the early morning hours of December 8, 2012, police observed Appellant's car twice swerve across a double yellow line. The second time, Appellant overcorrected and nearly collided into several parked vehicles. Police stopped Appellant after he failed to stop at a stop sign. Officer Russell Valenza ("Officer Valenza") of the Philadelphia Police Department observed Appellant's "watery and bloodshot eyes" and ordered Appellant out of his vehicle. Trial Court Opinion, 11/17/14, at 2. Appellant leaned on his car to maintain balance. Based on these observations, Officer Valenza arrested Appellant for DUI. Officer Mark Ibe ("Officer Ibe") of the Philadelphia Police Department administered two breath tests to Appellant. The lower of the two results revealed Appellant's BAC to be .102%.

The trial court conducted a bench trial on March 5, 2014, at the conclusion of which it found Appellant guilty of DUI (general impairment and high rate of alcohol[2]). Immediately after the trial the court concluded the former conviction merged into the latter, and imposed sentence as set forth

*(Footnote Continued)* ───────────

or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(b).

[2] 75 Pa.C.S.A. §§ 3802(a)(1) and (b), respectively.

above. Appellant filed this timely appeal challenging the sufficiency of the evidence revealing his BAC.[3]

We begin by setting forth the applicable standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Cahill***, 95 A.3d 298, 300 (Pa. Super. 2014).

Appellant frames the issue as follows:

> The evidence was insufficient to convict [Appellant] of 75 Pa.C.S.A. § 3802(b) because, taking into consideration the breathalyzer machine's margin of error for the blood alcohol concentration reading, the Commonwealth did not prove that [Appellant] had an alcohol concentration in his blood that was at least .10% but less than .16%.

_____

[3] In his Pa.R.A.P. 1925(b) concise statement, Appellant challenged his convictions under both subsections. In his brief, he does not challenge his conviction under § 3802(a)(1).

Appellant's Brief at 12.

At trial, Appellant offered an expert witness who opined that the breathalyzer test Officer Ibe administered has an inherent margin of error of .004%. Appellant's expert based his opinion on a United States Department of Transportation Document dated September 17, 1993. N.T. Trial, 3/5/14, at 35. Since the breathalyzer showed Appellant's BAC to be .102%, Appellant asserts his BAC could have been as low as .098% and still be within the margin of error. Since the margin of error includes BAC values too low to sustain a conviction under § 3802(b), Appellant argues the evidence is insufficient to support his conviction.

In **Commonwealth v. Sibley**, 972 A.2d 1218 (Pa. Super. 2009), this Court rejected the precise argument Appellant offers here, reasoning that it implicates the weight of the evidence. In **Sibley**, the trial court, sitting as factfinder, found the defendant guilty under § 3802(c)[4] because a blood test placed his BAC at .162%. **Id.** at 1219. The defendant argued the "coefficient of variation" for the blood test was plus or minus 3%, which meant the defendant's BAC could have been as low as .157% or as high as .167%. **Id.** Since the low end of that range would result in a violation of § 3802(b), a lesser offense, Appellant challenged the sufficiency of the

---

[4] A violation of § 3802(c) occurs where the defendant's BAC is .16% or higher. **See** 75 Pa.C.S.A. § 3802(c).

evidence in support of his conviction under subsection (c). This Court denied relief:

> As factfinder in this case, the court was presented with specific evidence that [defendant's] BAC test result was 0.162%. It was then for the court to weigh the evidence of the 0.162% BAC test result in light of the possibility that the actual BAC could have been anywhere within the variation range. Thus, the coefficient of variation in this case implicates the weight, not the sufficiency of the evidence.

*Id.* at 1219 (citation omitted); *see also Commonwealth v. Mongiovi*, 521 A.2d 429, 431 (Pa. Super. 1987) ("It should be pointed out that the term 'variance' could imply a test result which would be to [defendant's] detriment as well as his advantage. Because we lack a legal presumption as to how a variance should be considered, its weight must be left with the trier of fact.").[5]

More recently, in *Commonwealth v. Landis*, 89 A.3d 694 (Pa. Super. 2014), this Court awarded a new trial where the defendant was convicted

---

[5] Under a prior version of the DUI statute, this Court found the evidence insufficient where a defense expert testified the BAC test in question had a margin of error of 10% and that the defendant's BAC likely rose after he stopped driving and before he took the test. *Commonwealth v. Lippert*, 887 A.2d 1277, 1278-79 (Pa. Super. 2005). The Commonwealth conceded that it was impossible to ascertain whether the defendant's BAC rose or fell after he stopped driving. *Id.* at 1279. The Commonwealth also conceded the test had a margin of error of at least 5%. *Id.* We believe *Lippert* is distinguishable. *Lippert* was decided under an earlier version of the statute pursuant to which the Commonwealth had to prove the defendant's BAC at the time he was driving. *See* 75 Pa.C.S.A. § 3731(a)(4), repealed by Act of Sept. 30, 2003, P.L. 120, No. 24, § 14, effective Feb. 1, 2004. As we describe in the main text, *Sibley* is directly on point and controlling here.

under § 3802(c) for having a BAC of .164% based on a test with an inherent 10% margin of error. *Id.* at 696. The defendant's expert witness testified that the test performed on the defendant's blood was not the most reliable test available, and, based on the margin of error, the defendant's BAC could have been anywhere from .147% to .180%. *Id.* at 698. We noted the defendant's "evidence that a reading of .164% merely reflected a range of equally possible results from between .147% and .180% was not clarified or challenged by the Commonwealth." *Id.* at 701. Since the verdict was based on pure speculation, we awarded a new trial. *Id.*

Here, Appellant admittedly has not preserved a challenge to the weight of the evidence. Despite the results in **Sibley** and **Landis**, Appellant has chosen to challenge the sufficiency of the evidence and portray **Sibley** as distinguishable or limited to its facts. Appellant argues the trial court in **Sibley** seemingly declined to credit a portion of the defense expert's testimony. Appellant's Brief at 22. In contrast, Appellant believes the trial court credited the entirety of the defense expert's testimony in the instant case. *Id.* Appellant also argues his expert's testimony establishes conclusively that the trial court based its guilty verdict on pure speculation. *Id.* at 22-23. That is, Appellant believes the evidence here establishes a much greater possibility than the evidence in **Sibley** that Appellant's BAC was below the legal limit.

None of these arguments provides a basis for overlooking *Sibley's* holding that margin of error evidence is relevant to the weight to be assigned to the result of a blood alcohol test. Under the binding authority of *Sibley*, Appellant's failure to challenge the weight of the evidence is fatal to the argument he raises on appeal.[6]

In addition to Appellant's failure to recognize the binding legal authority of *Sibley*, Appellant's arguments are factually flawed. The record does not support Appellant's assertion that the trial court credited the entirety of his expert's testimony. The parties stipulated that Officer Ibe, if he testified, would state that he tested the machine he used immediately prior to his shift and found the machine to be working accurately with an error rate of 0%. N.T Trial, 3/5/14, at 23-25. The parties also stipulated that the machine Officer Ibe used had been calibrated five days prior to Appellant's arrest. *Id.* at 25-26. In three separate rounds of testing

_____

[6] Appellant argues *Sibley* is flawed because it forces appellants to challenge weight of the evidence and seek a new trial even though an acquittal is the only appropriate remedy. Appellant posits that *Sibley* and *Landis* create a no-win regime whereby an defendant could obtain a new trial based on a test's margin of error but have no chance to prevail at the new trial because the test result, regardless of margin of error, is sufficient for a conviction. Appellant argues a sufficiency of the evidence challenge is the appropriate means of obtaining relief because, if successful, it results in acquittal. *Sibley* and *Landis* are binding on this panel. It is our duty to apply them faithfully and we have done so in this case. The merit of Appellant's argument, if any, must be determined either by an *en banc* panel of this Court or the Pennsylvania Supreme Court. Given the record before us, we are very doubtful this is an appropriate test case.

conducted during calibration, with five tests conducted in each round, the machine consistently demonstrated a margin of error of no more than .001%. *Id.* at 25-28.

The Commonwealth's expert testified, to a reasonable degree of scientific certainty, that the machine Officer Ibe used produced an accurate BAC reading, and the trial court relied on that testimony in support of its verdict. *Id.* at 49; Trial Court Opinion, 7/17/14, at 3. In other words, the defense expert offered his opinion on the tolerable margin of error for analytical breath tests in general.[7] The Commonwealth produced evidence detailing the accuracy of the specific machine Officer Ibe used to test Appellant's breath, based on a calibration of that machine five days earlier and testing immediately prior to Officer Ibe's shift on the day of Appellant's arrest.[8] The trial court was entitled to rely on stipulated evidence and the Commonwealth's expert testimony regarding the accuracy of Officer Ibe's

---

[7] Appellant's expert testified as follows:

> To make it short, the test [sic] that were conducted on analytical breath tests, the instrument, **not just the one that was used in this case, but all instruments**, have been certified since '93 allow for a standard deviation error of .004, plus or minus .004.

N.T. Trial, 3/5/14, at 35 (emphasis added).

[8] Appellant concedes the machine was properly calibrated and determined to be accurate in accordance with all applicable regulations. Appellant's Brief at 15-16, n.7. *See* 67 Pa. Code §§ 77.24 – 77.26.

machine, and it did so. The record therefore contains evidence that Appellant's BAC was .102%, as determined by an accurate breathalyzer machine. We are required to defer to the trial court's credibility determinations and we must view the evidence in a light most favorable to the Commonwealth as verdict winner. Plainly, this is not a case where the evidence is "so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances[.]" **Cahill**, 95 A.3d at 300. For purposes of our review of a sufficiency of the evidence argument, that is the end of the matter.

Appellant's argument invites this Court to reweigh the evidence in his favor. Despite this, he chose not to challenge the weight of the evidence. Since Appellant's argument does not merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2015