J-S35036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK J. RUBINO, | |
| Appellant | No. 53 EDA 2015 |

Appeal from the Judgment of Sentence November 17, 2014
in the Court of Common Pleas of Carbon County
Criminal Division at No.: CP-13-CR-0000017-2004

BEFORE:  MUNDY, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                                    **FILED JULY 20, 2015**

Appellant, Frank J. Rubino, appeals from the judgment of sentence entered after his jury conviction of two counts of driving under the influence of alcohol (DUI), 75 Pa.C.S.A § 3731(a)(1) and 75 Pa.C.S.A. § 3731(a)(4). [1] Appellant challenges the sufficiency of the evidence and the admissibility of certain evidence.  We affirm.

We derive the following recitation of facts from the trial court's February 17, 2015 opinion:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Legislature repealed section 3731 and replaced it with 75 Pa.C.S.A. § 3802 on September 30, 2003.  Section 3802 became effective February 1, 2004, after the offense in this case occurred.

On August 16, 2003, at approximately 1:19 A.M., Officer Michael Fedor of the Kidder Township Police Department was dispatched to the scene of a one-car motor vehicle accident along Moseywood Road — a two lane road — in Kidder Township, Carbon County. Officer Fedor arrived at the scene at approximately 1:31 A.M., whereupon he noted the following: there were no adverse weather conditions, the posted speed limit was 25 miles per hour, the road curved towards the left, [and] a single vehicle had gone off the right side of the road striking a tree. At the time Officer Fedor arrived, a second vehicle was parked parallel to the road behind where the first vehicle had missed the turn. This second vehicle belonged to a passing motorist who stopped to render assistance after the accident had occurred.

Maryann Gile, who had been a passenger in the vehicle, which struck the tree, was sitting in this other vehicle when Officer Fedor arrived and [was] requesting medical assistance. Officer Fedor called for an ambulance and Ms. Gile was subsequently transported from the scene while Officer Fedor continued his investigation. Officer Fedor did not interview Ms. Gile about the accident before she was transported for treatment, nor was she interviewed afterwards. Ms. Gile died in April of 2013 and therefore, was unavailable to testify at trial.[2]

After calling for the ambulance, Officer Fedor approached [Appellant], whom Officer Fedor witnessed standing between the open driver's door and driver's side compartment of the crashed vehicle when he first arrived at the accident scene. Upon Officer Fedor's request, [Appellant] produced his driver's license, proof of insurance, and a registration evidencing the vehicle was [registered] in his name. Officer Fedor detected an odor of alcohol on [Appellant's] breath and asked if [Appellant] had consumed any alcohol. In response to the Officer's questions, [Appellant] admitted to drinking that evening and also that he was the driver of the car. At trial Officer Fedor opined that based upon his training and experience as a police officer, as well as his observations of [Appellant], [Appellant] was under the influence of alcohol to a degree that rendered him incapable of safe driving.

---

[2] The death of Ms. Gile was unrelated to the accident.

[Appellant] was transported to the Geisinger Wyoming Valley Hospital where his blood was drawn at 3:11 A.M. to test for alcohol content. Cathy Sweeney, a medical technologist at Hazelton General Hospital, tested [Appellant's] blood using an Abbott TDX machine. The results of this test revealed a BAC [Blood Alcohol Content] by weight of 102 milligrams per deciliter or 0.102%. At trial[,] Ms. Sweeney testified that she believed the testing equipment has a margin of error of ten percent based upon what her supervisor advised her, but that she had never seen any documentation independently corroborating that figure. She also testified that given this margin of error, [Appellant's] actual BAC ranged from between 0.092% and 0.112%.

[Appellant] testified that he was owner of the vehicle but was not the driver that night. [Appellant] testified that he normally does not drive on the advice of his doctor and that Ms. Gile would often drive him around. According to [Appellant], that evening a man named John ([Appellant] did not know John's surname) was driving [Appellant's] vehicle. [Appellant] claimed that he and Ms. Gile had met John at a nightclub earlier in the evening and invited him to go fishing. [Appellant] further testified that he was asleep in the back seat of his vehicle and was awakened by the crash.

[Appellant] testified that approximately five minutes after the accident a passing motorist stopped to render assistance. According to [Appellant], he was sitting in this vehicle when the ambulance arrived, not Ms. Gile, because Ms. Gile was trapped in the crashed vehicle. [Appellant] also testified that the ambulance personnel extracted Ms. Gile from the crashed vehicle before Officer Fedor's arrival. Appellant denied standing near the crashed car at the time . . . Officer [Fedor] arrived and further denied ever stating that he was the driver. Lastly, [Appellant] testified that John left the scene of the crash before . . . Officer [Fedor] arrived and he never saw John again.

Prior to opening statements at his trial, [Appellant] moved to preclude his statements to [Officer Fedor] that he was the owner and driver of the car in question on the basis of the *corpus delicti* rule. The court discussed the matter with counsel in chambers[,] and the court reserved ruling on the motion until the Officer testified. During [Officer Fedor's] testimony, [Appellant] objected to [Officer Fedor] being questioned about

[Appellant's] admission that he was the driver of the vehicle, which struck the tree. A discussion at sidebar ensued and the court overruled the objection and allowed the question to be asked.

(Trial Court Opinion, 2/17/15, at 2-6) (record citations and footnotes omitted).

On September 9, 2014[3], a jury convicted Appellant of two counts of DUI. On November 17, 2014, the court sentenced Appellant to a term of not less than forty-eight hours', nor more than six months' imprisonment, plus fines and costs. Appellant filed post-sentence motions that the court denied. Appellant timely appealed.[4]

Appellant raises two questions for our review:

I. Whether the evidence was sufficient to establish that [Appellant] operated his vehicle while the amount of alcohol in his blood was 0.10% or greater (75 Pa.C.S.A. § 3731(a)(4)) when [Appellant's] blood test was 0.102%, only 0.02% above 0.10%, the margin of error in the test was ten percent, and the test was administered two hours after it was alleged [Appellant] was driving?

---

[3] Following several continuances, the court originally set trial for March 7, 2005. (*See* Scheduling Order, 2/09/05). However, Appellant failed to appear and the court issued a bench warrant for his arrest. He only appeared over seven years later and the rescheduled trial occurred on September 9, 2014.

[4] Pursuant to the trial court's order, Appellant filed a timely concise statement of errors complained of on appeal on January 7, 2015. *See* Pa.R.A.P. 1925(b). The court filed a Rule 1925(a) opinion on February 17, 2015. *See* Pa.R.A.P. 1925(a).

II.    Whether the [t]rial [c]ourt erred by admitting the statements of [Appellant] that he owned and operated the vehicle because the Commonwealth did not establish the *corpus delicti* of driving under the influence by a preponderance of the evidence?

(Appellant's Brief, at 4).

In his first question, Appellant challenges the sufficiency of the evidence to support his conviction under section 3731(a)(4).    (**See** Appellant's brief at 10).[5]  He alleges that the two-hour delay in administering the BAC test and its ten percent margin of error required the jury to turn "to speculation and conjecture.' (**Id.**).  We disagree.

Our standard of review for a claim of insufficient evidence is well-settled:

> A challenge to the sufficiency of the evidence is a question of law, subject to plenary review.   When reviewing [a] sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner.   Evidence will be deemed to support [the] verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  The Commonwealth need not preclude every possibility of innocence or establish the [Appellant's] guilt to a mathematical certainty.  Finally, the trier of fact[,] while passing upon the credibility of witness and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

_____

[5] The trial court only sentenced Appellant for 75 Pa.C.S.A.  § 3731(a)(1) — general impairment.  (**See** Trial Ct. Op.  2/17/15, at 1 n.2).   Section 3731(a)(4) merged for sentencing purposes.  (**See id.**)

*Commonwealth v. Teems*, 74 A.3d 142, 144-45 (Pa. Super. 2013) *appeal denied*, 79 A.3d 1098 (Pa. 2013) (citations omitted).

Here, the jury convicted Appellant of violating 75 Pa.C.S.A. § 3731(a)(4), driving with a BAC of .10% or higher, and 75 Pa.C.S.A. § 3731(a)(1), general impairment. In relevant part, the Vehicle Code provided:

> (a) Offense defined.—A person shall not drive, operate[,] or be in actual physical control of the movement of a vehicle in any of the following circumstances
>
>> (1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.
>>
>> * * *
>>
>> (4) While the amount of alcohol by weight in the blood of:
>>> (i)the adult is 0.10% or greater.
>>
>> * * *
>
> (A.1) *Prima facie* evidence.—
>
> (1) It is *prima facie* evidence that:
>
>> (i) an adult had 0.10% or more by weight of alcohol in his or her blood at the time of driving, operating, or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than 0.10% at the time a chemical test is performed on a sample of the person's breath, blood, or urine
>
> * * *
>
> (2) For the purposes of this section, the chemical test of the sample of the person's breath, blood or

> urine shall be from a sample obtained within three hours after the person drove, operated or was in actual physical control of the vehicle

75 Pa.C.S.A. § 3731(a)(1), (a)(4), (A.1).

"[O]nce the Commonwealth has established that the driver's blood alcohol content reflects an amount above 0.10%, the Commonwealth has made a *prima facie* case under 75 Pa.C.S.A. § 3731(a)(4)." ***Commonwealth v. Yarger***, 648 A.2d 529, 531 (Pa. 1994). Additionally,

> [T]he [L]egislature amended section 3731 by inserting subsection (a.1). Section 3731(a.1) modifies section 3731(a)(4) by providing that the BAC at the time of testing is *prima facie* evidence of BAC when driving as long as testing is obtained within three hours after the person drove.

***Commonwealth v. Lippert***, 887 A.2d 1277, 1280 (Pa. Super. 2005).

Section 3731(a.1) was the pertinent statute in effect the night of the accident.

Here, Officer Fedor found Appellant standing next to the driver's side of the crashed vehicle. (***See*** N.T. Trial, 9/09/14, at 65). When questioning Appellant, he detected the odor of alcohol. (***See id.*** at 66). Further, the vehicle's registration indicated Appellant owned the vehicle and he admitted to Officer Fedor that he was driving that night. (***See id.*** at 66, 68-69). Less than two hours after the arrest, Officer Fedor had Appellant's blood drawn. (***See id.*** at 69-70). Cathy Sweeney, a medical technologist at Hazelton General Hospital tested the blood. (***See id.*** at 85-87). The blood test returned a result of .102% BAC. (***See id.*** at 89-91).

Appellant argues that a purported ten percent margin of error on the BAC test renders the results insufficient. (**See** Appellant's Brief at 10). We note the trial court's reasoning that any testimony on the margin of error implicates the weight of the evidence, not the sufficiency. (**See** Trial Ct. Op. at 8). **See Commonwealth v. Sibley**, 972 A.2d 1218, 1219-20 (Pa. Super. 2009). Appellant did not raise a weight of the evidence challenge in the trial court and therefore waived the issue. **See Commonwealth v. Thomas**, 93 A.3d 478, 490 (Pa. Super. 2014) (citing **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009)). ("Failure to properly preserve [a weight of the evidence] claim will result in waiver").

Under our standard of review for sufficiency, the Commonwealth receives the benefit of all reasonable inferences. **See Teems, supra.** at 144-45. Here, the *prima facie* evidence was sufficient to support both of Appellant's convictions for DUI because his BAC was over .10% less than three hours after he drove. **See Lippert, supra**. Appellant's first claim is without merit.

In his second question, Appellant claims the trial court erred by admitting inculpatory statements he made before the Commonwealth established the *corpus delicti* of driving under the influence by a preponderance of the evidence. (**See** Appellant's Brief, at 4). We disagree.

Our standard of review for a challenge to *corpus delicti* is also well settled:

The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion.

***Commonwealth v. Young***, 904 A.2d 947, 956 (Pa. Super. 2006) (internal citations omitted). Further:

An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the court has reached a conclusion [that] overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Davido***, 106 A.3d 611, 645 (Pa. 2014) (citations and quotation marks omitted).

The *corpus delicti* test is two-pronged; the Commonwealth must prove an occurrence of a loss, and criminality as the source of the loss. ***See Commonwealth v. Taylor***, 831 A.2d 590, 590 (Pa. 2003). Further, "the injury or loss need not be tangible." ***Commonwealth v. Kasunic***, 620 A.2d 525, 529. (Pa. Super. 1993). The Commonwealth must prove by a preponderance of the evidence that the event resulted from criminal conduct. ***See Commonwealth v. McMullen***, 681 A.2d 717, 720 (Pa. 1996).

Here, Officer Fedor found Appellant next to his crashed vehicle at 1:31 A.M. (***See*** N.T. Trial, 9/09/14 at 59). The weather conditions were clear and the posted speed limit was low. (***See id.*** 60-61).

The Commonwealth produced evidence that convinced the trial court by a preponderance of the evidence that *corpus delicti* existed for DUI. (***See*** Trial Ct. Op. 2/17/15, at 15). The trial court reasoned that the lateness of

the hour, the lack of adverse weather conditions, the low speed limit at the place of the accident, and the condition of Appellant were consistent with a DUI related crash. (*See id.* at 15). On our review, we find no basis to conclude that the court's decision was unreasonable, nor the result of partiality, prejudice, bias, or ill-will. *See Davido, supra* at 645.

Therefore, we conclude that the trial court properly admitted the evidence of inculpatory statements made by Appellant. Appellant's second issue is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015