521 A.2d 429

**COMMONWEALTH of Pennsylvania**

v.

**Alfonse MONGIOVI, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1986.

Filed Jan. 8, 1987.

Reargument Denied Feb. 26, 1987.

---

Vicki K. Horne, Greensburg, for appellant.

Edward M. Clark, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before WICKERSHAM, BROSKY and JOHNSON, JJ.

BROSKY, Judge:

This is an appeal from the judgment of sentence imposed following a jury trial in which appellant was found guilty of driving a motor vehicle with a blood alcohol count of .10% or greater.

Appellant raises for our consideration but one issue: whether the evidence was insufficient to support the jury

verdict and whether the trial court erred in refusing to dismiss the criminal complaint brought pursuant to 75 Pa.C. S.A. § 3731(a)(4) at the close of the Commonwealth's case, in the absence of evidence proving beyond a reasonable doubt that appellant's blood alcohol content, at the time he was driving, was .10% or greater.

Upon consideration of the trial court opinion and briefs of counsel, we affirm.

On September 28, 1985, appellant was observed, by a police officer, driving erratically and nearly colliding with another vehicle. When appellant stopped his vehicle the officer noticed an odor of alcohol on appellant's breath and observed that appellant's eyes were red and bloodshot and his face was flushed. Field sobriety tests were administered and then appellant was taken to the police station for a breath test. The first breath test was administered 24 minutes after appellant was observed driving. A second test was conducted one minute later. The lower of the two readings, .102, was introduced into evidence. No breath sample was collected and/or preserved by the Commonwealth.

Appellant was charged with violating 75 Pa.C.S.A. § 3731(a)(1), driving under the influence of alcohol to a degree which renders the person incapable of safe driving, and 75 Pa.C.S.A. § 3731(a)(4), driving a motor vehicle with a blood alcohol count of .10% or greater. As to the first count, a mistrial was declared due to a hung jury. Appellant was found guilty as to Count II, and sentenced to a term of imprisonment of not less than 48 hours nor more than 6 months. It is from that judgment of sentence that appellant has filed the instant appeal.

Appellant alleges insufficiency of the evidence due to the fact that the accuracy of the breathalyzer test was found to have a range of .006%. Thus, appellant contends, there was not enough evidence for a finding of guilt "beyond a reasonable doubt." "The test for evaluating claims based on the sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth,

and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Griscavage*, 336 Pa.Super. 141, 145, 485 A.2d 470, 472 (1984).

Appellant was convicted of violating 75 Pa.C.S.A. § 3731(a)(4) which reads as follows:

A person shall not drive, operate or be in actual physical control of the movement of any vehicle while ... the amount of alcohol by weight in the blood of the person is 0.10% or greater.

As the offense in question contains two elements, both must be proven before a conviction can lie. Additionally, as dictated in the statute by the use of the word "while", both elements must be proven to have occurred simultaneously.

Because the arresting officer observed appellant's operation of the motor vehicle, the first element is not in dispute. This Court has, in the past, held as admissible, the results of chemical tests to determine the alcoholic content of a defendant's blood even though the tests were taken at a time which was relatively remote from the time of driving, *Commonwealth v. Tylwalk*, 258 Pa.Super. 506, 393 A.2d 473 (1978); *Commonwealth v. Trefry*, 249 Pa.Super. 117, 375 A.2d 786 (1977). The problem arises with proving that appellant's blood alcohol level was .10% or greater, in view of the alleged .006% range in test accuracy.

■ One of the arguments appellant makes involves an interpretation of 75 Pa.C.S.A. § 1547(d)(3) which provides:

(d) Presumptions from amount of alcohol.—If chemical testing of a person's breath, blood or urine shows:

(3) That the amount of alcohol by weight in the blood of the person tested is 0.10% or more, this fact may be introduced into evidence if the person is charged with violating section 3731.

By concentrating on the word "may", appellant contends that the results of the breathalyzer test should have been withheld from the jury as being insufficient to produce a

verdict, yet prejudicial to appellant's case. We disagree. The nature of the charge against appellant *requires* the admission of technical evidence. We see no other way for a jury to decide whether a defendant has reached a blood alcohol level of .10%.

Appellant claims that the jury had to speculate as to the fact of appellant's blood alcohol level. In support of this, appellant points to a question asked of the trial judge by a juror. The juror asked how they should consider the evidence of the variance. The trial judge properly responded by explaining that he could not tell the jury what was in evidence, but that, based upon their recollection of the evidence and the facts, and using their personal experience and common sense, they were to make their determination in the case. As this court has previously held, the weight to be accorded test results properly rests with the finder of fact. *Commonwealth v. Speights,* 353 Pa.Super. 258, 509 A.2d 1263 (1986).

█ It should be pointed out that the term "variance" could imply a test result which would be to appellant's detriment as well as his advantage. Because we lack a legal presumption as to how a variance should be considered, its weight must be left with the trier of fact. By virtue of the fact that the variance was called into question by a juror, it is clear that the jury had before it the fact of the variance of the breathalyzer equipment. The jury was then able to consider this element, along with the other evidence, in reaching its verdict.

Furthermore, under 67 Pa.Code § 77.25(a), with regard to inspections for accuracy of breathalyzer equipment, the regulations require an inspection within 30 days prior to using the breath test equipment. The record reveals that such a test was made only four days prior to the incident in question, on September 24, 1985, and again 23 days following the incident, on October 21, 1985. The machine was found to be accurate at those times, according to the testimony of the officer who conducted the test. It must be noted that "accurate" is a relative term with respect to this

type of equipment. The equipment is accurate if the average deviation does not exceed .005, 67 Pa.Code § 77.-25(b)(2)(ii).

Both parties, as well as the trial court, make reference to a range of .006. The testimony reveals that the breath test equipment was tested for accuracy and the following five results were obtained: .095, .099, .099, .101 and .101. On the record, counsel for appellant calculates the .006 range by subtracting the lowest number from the highest. While we do not dispute counsel's calculations, we cannot agree with that formula used by counsel for arriving at the average deviation.

67 Pa.Code § 77.25(b) sets forth the formula from which we calculate the average deviation:

(2) The Type A alcohol breath test equipment does not pass the accuracy inspection test and shall be removed from service if one of the following occurs:

(ii) In the event of a breath test device which can only be read to the third decimal place, one or more of the five tests yields a result less than .090% or greater than .109% or the average deviation, derived by adding the absolute value of the differences between the results of the five tests and a constant value of .100 and dividing the total of these absolute values by 5, exceeds .005.

(3) An example of an average deviation calculation for a breath testing device capable of being read to the third decimal place is as follows:

| Constant Value | Reading | Difference (absolute value) |
|---|---|---|
| .100 | .099 | .001 |
| .100 | .104 | .004 |
| .100 | .098 | .002 |
| .100 | .101 | .001 |
| .100 | .102 | .002 |

$$\frac{.010}{5} = .002$$

Average deviation = .002 and .002 does not exceed .005.

Using the test results obtained in the instant case we have the following:

| Constant Value | Reading | Difference (absolute value) |
|---|---|---|
| .100 | .095 | .005 |
| .100 | .099 | .001 |
| .100 | .099 | .001 |
| .100 | .101 | .001 |
| .100 | .101 | .001 |

$$= \frac{.009}{5} = .0018$$

Thus, there is an average deviation of .0018, well within the range of "accuracy."

■ Section 77.25 also stipulates that:

[u]pon satisfactory completion of the accuracy inspection procedure, the test records shall be recorded on a certificate of a type provided by the Department.... The certificate of accuracy shall be the presumptive evidence of accuracy referred to in 75 Pa.C.S. § 1547 (relating to chemical testing to determine the amount of alcohol or controlled substance).

67 Pa.Code § 77.25(c). The certificate of accuracy was offered into evidence. Also offered into evidence was a certificate of calibration evidencing compliance with 67 Pa. Code. § 77.26(a) requiring calibration within one year. 75 Pa.C.S.A. § 1547(c)(1) states that "[a] certificate ... showing that a device was calibrated and tested for accuracy and that the device was accurate shall be presumptive evidence

of those facts ...". Thus, a reading of .102% must be considered a reliable test result in the instant case.

■ The jury had before it all the facts, including the breathalyzer results and the possible variance. Additionally, it was charged as to the necessity of finding appellant guilty "beyond a reasonable doubt." Taking into consideration the above factors, we cannot say that there was justification for dismissing the complaint against appellant. Nor can we find that the jury's verdict was contrary to the weight of the evidence so as to "shock one's sense of justice". *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 434 A.2d 191 (1981).

Therefore, we affirm the decision of the trial court. Judgment of sentence affirmed.