**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Matthew C. SIBLEY, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 2009.
Filed May 5, 2009.

Pamela R.L. Sibley, Franklin, for appellant.

Mark A. Lope, Asst. Dist. Atty., Butler, for the Com., appellee.

BEFORE: LALLY–GREEN, GANTMAN and COLVILLE*, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This case is a direct appeal from judgment of sentence. The issue is whether the evidence was sufficient to support Appellant's conviction for driving under the influence ("DUI") in violation of 75 Pa.C.S.A. § 3802(c) (blood alcohol concentration ("BAC") ≥ 0.160 %). We affirm the judgment of sentence.

¶ 2 Charged with two counts of DUI and two summary offenses, Appellant proceeded to a non-jury trial. At trial, the parties agreed to numerous stipulations, including one indicating Appellant's BAC test result was 0.162%.

¶ 3 Appellant called as a witness the director of the laboratory where Appellant's blood was drawn. The witness testified the instrument used to test the BAC had a ± 3.00% coefficient of variation. The coefficient of variation relates to the precision of the testing equipment. The significance of the coefficient of variation is that, if the equipment were used to take multiple tests on a single sample, those tests would likely yield somewhat differing results all within a certain range. Based on the test result of 0.162% and the ± 3.00% coefficient of variation, the witness indicated Appellant's actual BAC level could have been anywhere in the range of 0.157% to 0.167%.

¶ 4 After trial, Appellant was convicted of all counts. He filed post-sentence motions that were denied; he then filed this timely appeal.

¶ 5 Appellant argues that, because of the coefficient of variation, the test result lacked the specificity to prove his BAC was 0.160% or greater. He contends the Commonwealth could not prove beyond a reasonable doubt that his BAC was any greater than 0.157%.

¶ 6 We have discussed our standard for evaluating sufficiency claims as follows:

... [W]e consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of witnesses. The [trier of fact] was free to believe all, part or none of the evidence. This Court may not weigh the evidence or substitute its judgment or that of the factfinder.

Any doubts concerning an appellant's guilt were to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom.

*Commonwealth v. Hacker*, 959 A.2d 380, 388–89 (Pa.Super.2008) (internal citations omitted).

■ ¶ 7 As factfinder in this case, the court was presented with specific evidence that Appellant's BAC test result was 0.162%. It was then for the court to weigh the evidence of the 0.162% BAC test result in light of the possibility that the actual BAC could have been anywhere within the variation range. *Commonwealth v. Mongiovi*, 360 Pa.Super. 590, 521 A.2d 429, 431 (1987). Thus, the coefficient of variation in this case implicates the weight, not the sufficiency of the evidence. *Id.*

* Retired Senior Judge assigned to the Superior Court.

¶ 8 Appellant's argument would demand a test result so high and/or a coefficient of variation so low that his actual BAC could not possibly have been beneath 0.160%. The law simply does not require this level of certainty in criminal verdicts. *Commonwealth v. Smith*, 904 A.2d 30, 38 (Pa.Super.2006) (stating the Commonwealth need not preclude every possibility of innocence or establish guilt to a mathematical certainty). Rather, the court needed only to be convinced beyond a reasonable doubt. *Id.* Here, the court having been provided with a particular test result as well as information about the coefficient of variation—that is, information to use in weighing the test result—we cannot say that the evidence of the BAC was so weak and inconclusive that no probability of fact could be drawn therefrom. Therefore, Appellant's sufficiency claim fails.

¶ 9 The transcript, in fact, reveals the court engaged in an analysis consistent with what we have just described. At the end of the trial, the court acknowledged that machine testing involved some inherent imperfection. Indeed, the court noted it did not believe chemical tests could be 100% accurate. However, the court considered the imperfection involved with the testing equipment in this case to be a matter of weight, not sufficiency. In so doing, the court rejected the argument that the coefficient of variation rendered impossible a finding of guilt beyond a reasonable doubt. It is thus plain in this case that the court, while recognizing a lack of 100% certainty in the evidence, took into account the coefficient of variation and was nonetheless assured beyond a reasonable doubt that Appellant's BAC had reached the proscribed limit.

¶ 10 We recognize Appellant relies on *Commonwealth v. Lippert*, 887 A.2d 1277 (Pa.Super.2005), a case in which a panel of this Court found certain DUI evidence insufficient. That case involved a very different evidentiary setting. There, while attempting to prove the appellant violated 75 Pa.C.S.A. § 3731(a)(4) by driving with a BAC ≥ 0.100%, the Commonwealth introduced a BAC test result of 0.105% within one hour of driving.[1] The Commonwealth's expert agreed the test had a margin of error of ± 5.00%. Additionally, the expert indicated she could not opine as to whether the BAC had fallen or risen during the time period between driving and arrest. Moreover, she conceded the driving-time BAC might have been below the legal limit. Based on the margin of error, the test result in question and the Commonwealth's inability to introduce evidence as to whether the BAC had fallen or risen prior to the test, the panel found the evidence was too weak to establish proof beyond a reasonable doubt. *Id.* at 1281.

¶ 11 The instant case does not involve a question of retrograde extrapolation. It is a straightforward matter in which the Commonwealth introduced sufficient evidence subject to weighing by the factfinder. We see nothing in the coefficient of variation rendering the test result so infirm that it could not reasonably support the verdict.

¶ 12 Based on the foregoing discussion, Appellant's claim fails and we affirm the judgment of sentence.

¶ 13 Judgment of sentence affirmed.

1. 75 Pa.C.S.A. § 3731 was repealed by 2003, Sept. 30, P.L. 120, No. 24, § 14, effective Feb. 1, 2004.