**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT E. RIGGAN | : | |
| | : | |
| Appellant | : | No. 755 MDA 2018 |

Appeal from the Judgment of Sentence December 20, 2017
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0002000-2016

BEFORE: SHOGAN, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED DECEMBER 20, 2018**

Scott E. Riggan (Appellant) appeals from his December 20, 2017 judgment of sentence imposed after he was found guilty of driving under the influence of alcohol (DUI)–general impairment and a summary offense relating to driving a vehicle within a single lane. We affirm.

The trial court provided the following factual summary.

> Trooper [James] Paparella testified that on June 10, 2016, at approximately 6:00 p.m., he received a dispatch call for a reported [] single-vehicle accident involving a motorcycle[,] with the operator [lying] in the middle of the road. When Trooper Paparella arrived on the scene, he observed the motorcycle, which ha[d] sustained heavy damage, [lying] in the southbound lane, and noticed debris from the motorcycle had been drug across the center line[,] indicating that the motorcycle had been traveling in the northbound lane. Trooper Paparella spoke with EMS on the scene[,] who directed [Trooper Paparella] to the motorcycle operator, identified as [Appellant], in the back of an ambulance.

---

* Retired Senior Judge assigned to the Superior Court.

Trooper Paparella then spoke with [Appellant], who was lying on a stretcher in the back of the ambulance. As he spoke with [Appellant], Trooper Paparella stated that he was inches away from [Appellant] and could smell the overwhelming odor of alcohol. Trooper Paparella also indicated that [Appellant's] eyes were bloodshot and his speech was slurred while [Trooper Paparella] asked him questions. When Trooper Paparella asked [Appellant] if he had been drinking, [Appellant] responded that he had three drinks about twenty minutes prior to the accident. When asked about what caused the accident, [Appellant] replied that he "lost control and [] crashed." Trooper Paparella stated that he did not perform any field sobriety tests because the priority was to take care of [Appellant's] injuries.

Trooper Paparella prepared a crash report after the initial investigation. …[T]he weather conditions were dry and clear and there was still daylight outside. Trooper Paparella indicated that there were no potential weather, environmental[,] or roadway conditions that appeared to be a factor in the accident.

On cross-examination, Trooper Paparella admitted that he had not actually seen [Appellant] driving the motorcycle as [Appellant] was in the ambulance when [Trooper Paparella] arrived on the scene. Trooper Paparella also admitted that he had not taken specific measurements at the accident scene to determine speed or performed an extensive investigation as to other possible causes of the accident. Trooper Paparella further indicated that he could[ not] be certain that medications received in treatment by EMTs or injuries sustained could have caused [Appellant's] slurred speech and bloodshot eyes.

[Appellant] then called Wade Bartlett ("Bartlett") to testify. Bartlett has an extensive background in mechanical engineering and was qualified to give his expert opinion in the area of accident reconstruction. Bartlett testified as to various extensive research into motorcycles and crash statistics and then offered his opinion that[,] based on the information provided in Trooper Paparella's report and his review of other materials including maps of the area, he could not conclude [whether] alcohol was a contributing factor to the accident or not.

Trial Court Opinion, 4/20/2018, at 2-3 (citations to the record omitted).

Following the trooper's investigation, Appellant was charged with two DUI offenses and two summary offenses. A nonjury trial was held on August 29, 2017. The trial court found Appellant guilty of the DUI–general impairment offense charged pursuant to 75 Pa.C.S. § 3802(a)(1) and a summary offense relating to driving within a single lane, and not guilty of a summary offense relating to driving at a safe speed.[1] On December 20, 2017, the trial court sentenced Appellant to 48 hours to 6 months of incarceration.

Appellant timely filed a post-sentence motion challenging, *inter alia*, the weight of the evidence, which the trial court denied. This timely-filed appeal followed. Appellant complied with Pa.R.A.P. 1925(b), and the trial court, in lieu of a Rule 1925(a) opinion, directed us to its April 20, 2018 opinion denying Appellant's post-sentence motion.

On appeal, Appellant challenges the sufficiency of the evidence supporting his DUI–general impairment conviction. Appellant's Brief at 4. He also contends that the trial court abused its discretion by denying his post-sentence motion challenging the weight of the evidence. *Id.* at 4, 21.

With respect to his sufficiency claim, the following principles apply.

> The standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. The Commonwealth may sustain its burden

---

[1] The Commonwealth *nolle prossed* the DUI–highest rate offense charged pursuant to 75 Pa.C.S. § 3802(c).

- 3 -

of proving every element beyond a reasonable doubt by means of wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubt raised as to the accused's guilt is to be resolved by the fact-finder. As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record. Therefore, we will not disturb the verdict unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Wanner*, 158 A.3d 714, 717-18 (Pa. Super. 2017) (citations and quotations omitted).

The crux of Appellant's argument is that there was insufficient evidence to prove Appellant was "substantially impaired to a degree which rendered him incapable of driving safely." *Id.* at 13-14. Thus, we bear in mind the following. Subsection 3802(a)(1) of the Vehicle Code provides:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). As this Court has explained,

[w]ith respect to the type, quantum, and quality of evidence required to prove a general impairment violation under [Subs]ection 3802(a)(1) … :

[Subs]ection 3802(a)(1), like its predecessor [DUI statute], is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.

- 4 -

…The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include but are not limited to, the following: the offender's actions and behavior, including manner of driving and ability to pass field sobriety tests; demeanor, including toward the investigating officer; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol, and slurred speech.

***

The weight to be assigned these various types of evidence presents a question for the fact-finder, who may rely on his or her experience, common sense, and/or expert testimony. Regardless of the type of evidence that the Commonwealth proffers to support its case, the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level.

*Commonwealth v. Eichler*, 133 A.3d 775, 790 (Pa. Super. 2016), *quoting*

*Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009). The "classic signs

of intoxication [include] red, glassy eyes and slurred, slow speech."

*Commonwealth v. Teems*, 74 A.3d 142, 147 (Pa. Super. 2013).

The trial court offered the following in support of its determination that

Appellant was incapable of safely driving due to alcohol consumption.

[A] police officer, having perceived a defendant's appearance and acts, is competent to testify upon opinion as to the defendant's state of intoxication and ability to drive a vehicle safely. *Com[monwealth] v. Neiswonger*, 488 A.2d 68, 70 (Pa. Super. 1985). Trooper Paparella observed [Appellant's] bloodshot and glass[y] eyes, his slurred speech[,] and the strong odor of alcohol, which was amplified as he moved closer to [Appellant. Appellant] also admitted to having three drinks twenty minutes prior to the accident.

It is true that [some of Appellant's] symptoms could have resulted from the injuries sustained or from the treatment thereof. However, the Commonwealth is not tasked to invalidate every possibility of innocence. "Rather, the court needed only to be convinced beyond a reasonable doubt." *Com[monwealth] v. Sibley*, 972 A.2d 1218, 1220 (Pa. Super. 2009). Moreover, the fact that Trooper Paparella failed to administer any field sobriety tests is not dispositive as "the law is well settled that reasonable grounds to arrest does not require the failure of field sobriety tests." *Com[monwealth] v. Slonaker*, 795 A.2d 397, 402 (Pa. Super. 2002).

Upon review of all the testimony and evidence at trial, and upon weighing the totality of the circumstances, [the trial court] found [Appellant] guilty of driving under the influence of alcohol after imbibing a sufficient amount of alcohol so as to render him unable to safely operate the motorcycle. In [its] analysis, [the trial court] noted that [it] did not infer from the accident itself [Appellant's] inability to drive safely. [It] also acknowledged that the accident or subsequent treatment might have contributed to [Appellant's] slurred speech. Nevertheless, [the trial court] concluded that the bloodshot eyes, strong scent of alcohol[,] and admission to drinking provided the overwhelming factor[s] in weighing the totality of the circumstances to convince [the trial] court of [Appellant's] guilt beyond a reasonable doubt.

Trial Court Opinion, 4/20/2018, at 6-7.

Here, Appellant admitted he was driving, and thus the first element of the offense is satisfied. N.T., 8/29/2017, at 90. However, he argues on appeal that because the trial court did not consider his motorcycle accident as evidence of his impairment, and because slurred speech and bloodshot eyes could have been caused by the accident and medical treatment he received at the scene, the remaining evidence, *i.e.*, an odor of alcohol and his admission to drinking three drinks, was not enough to prove he was incapable of safely driving. Appellant's Brief at 13.

Viewing the evidence at trial and all reasonable inferences therefrom in the light most favorable to the Commonwealth, we find that the trial court, as factfinder, could reasonably conclude from the totality of the circumstances that Appellant was incapable of safely driving due to alcohol consumption. Our review of the record reflects Trooper Paparella testified that, upon entering the ambulance where Appellant was being treated, he "smelled an overwhelming odor of alcoholic beverage." N.T., 8/29/2017, at 11. As he spoke with Appellant, Trooper Paparella was only inches away from him and noticed the odor of alcohol smelled "even stronger." *Id.* at 10-11. He stated that Appellant's eyes were bloodshot and his speech was slurred and slow as he asked Appellant questions. *Id.* at 11. Based on his training and experience, these signs indicated to Trooper Paparella that Appellant was under the influence of alcohol. *Id.* In addition, when Trooper Paparella asked Appellant whether he had been drinking, Appellant responded that "he had three drinks … 20 minutes before he crashed." *Id.* at 12. When Trooper Paparella asked him what caused the accident, Appellant replied that he "lost control and [] crashed." *Id.* Trooper Paparella opined that no potential weather, environmental, or roadway conditions appeared to be a factor in the accident because at the time of accident, it was daylight, the weather conditions were dry and clear, and the accident occurred on a straightaway section of the road. *Id.* at 14-15.

We agree with the trial court that Appellant's emitting an overwhelming odor of alcohol, physical signs of intoxication, and admission to drinking three drinks 20 minutes prior to the accident are sufficient to support the inference that Appellant was incapable of safely driving due to alcohol consumption. **See Eichler**, 133 A.3d at 790. Based on the foregoing, when viewing all the evidence at trial in the light most favorable to the Commonwealth, we conclude that the Commonwealth introduced sufficient evidence to sustain Appellant's DUI–general impairment conviction.

We now turn to Appellant's second claim, where he contends alternatively that the verdict is contrary to the weight of the evidence. **See** Appellant's Brief at 19-21. His weight-claim is based on the trial court's determination that his slurred speech and bloodshot eyes were caused by alcohol and not some other factor. **Id.** at 21.

The following standard is applicable to challenges to the trial court's discretion in determining whether the verdict is against the weight of the evidence.

> The decision of whether to grant a new trial on the basis of a challenge to the weight of the evidence is necessarily committed to the sound discretion of the trial court due to the court's observation of the witnesses and the evidence. A trial court should award a new trial on this ground only when the verdict is so contrary to the evidence as to shock one's sense of justice. A motion alleging the verdict was against the weight of the evidence should not be granted where it merely identifies contradictory evidence presented by the Commonwealth and the defendant. Our review on appeal is limited to determining whether the trial court abused its discretion in denying the motion for a new trial on this ground.

*Commonwealth v. Chamberlain,* 30 A.3d 381, 396 (Pa. 2011) (citations omitted). "Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record." *Commonwealth v. Handfield*, 34 A.3d 187, 208 (Pa. Super. 2011) (quoting *Commonwealth v. Cain*, 29 A.3d 3, 6 (Pa. Super. 2011)).

Because we find sufficient evidence to establish Appellant was incapable of safely driving due to alcohol consumption, we discern no abuse of discretion in the trial court's denial of his post-sentence motion. Because this was a non-jury trial, the verdict clearly did not shock the trial court's sense of justice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2018